IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> **MANUEL ALLEN FERNANDEZ MANGUAL** <br><br> **LUISA ANTONIA DAVILA REXACH** <br><br><br><br> XXX-XX-3065 <br><br> XXX-XX-7305 <br><br><br> **Debtor(s)** | CASE NO. 10-00124 BKT <br><br> Chapter 13 <br><br><br><br><br><br><br> FILED & ENTERED ON 12/20/2010 |

## DECISION AND ORDER

Before the Court is the motion to convert [Dkt. No. 32] filed by Rip Curl, Inc. ("Rip Curl") and Jose Sierra Diez ("Sierra-Diez") (collectively the "Movants"); the Debtors' motion requesting voluntary dismissal [Dkt. No. 40]; and the Movants' objection thereto [Dkt. No. 45]. On December 14, 2010, the Court held an evidentiary hearing to address the allegations of bad faith by Movant. For the reasons set forth below, the Debtors' motion to dismiss is GRANTED, with a one year bar to re-filing due to abuse of the bankruptcy process.

**I. BACKGROUND:**

On January 12, 2010, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. This petition stayed certain litigation, identified in the Debtors' Statement of Financial Affairs (SOFA), pending in state court between the Debtors and the Movants [Dkt. No. 1]. On January 26, 2010, the Debtors filed a Chapter 13 plan [Dkt. No. 11]. On July 21, 2010, the Movants filed the instant motion to convert the case to Chapter 7, alleging non-feasibility of the

Debtors' plan and various instances of bad faith [Dkt. No. 32]. Specifically, the Movants directed the Court's attention to the Debtors' (1) failure to include certain creditors in his SOFA; (2) misrepresentation of the status of pending state court litigation; and (3) filing a plan based upon a favorable outcome in pending litigation. On August 11, 2010, the Debtors filed his motion requesting voluntary dismissal [Dkt. No. 39]. On August 23, 2010, the Movants filed their objection to the Debtors' motion requesting voluntary dismissal [Dkt. No 45]. At the close of testimony by the sole witness, Manuel Allen Fernandez Mangual, given at the evidentiary hearing the Court concluded the following:

1. The Schedules and Statement of Financial Affairs were inaccurate in failing to report all of the Debtors' information.
2. The Debtors did not attend either of the noticed § 341 Meeting of Creditors, nor were they excused.
3. The 2007, 2008 and 2009 state tax returns were filed 6, 18 and 30 months late, respectively.
4. The 2008 and 2009 state tax returns were, at a minimum, inconsistent with the information provided in the bankruptcy documents filed.
5. Debtors' failed to comply with the 11 U.S.C. § 704(8) reporting requirements.

## II. LEGAL ANALYSIS AND DISCUSSION:

The Debtors interpret section 1307(b) to grant Chapter 13 debtors an absolute right to dismiss their case at any time, for any reason. Given the seemingly unequivocal language of the statute, and the numerous courts that also interpret section 1307(b) as granting an absolute right to dismiss a case, the Debtors' position is not entirely untenable. See Barbieri v. RAJ Acquisition Corp. (In re

Barbieri), 199 F.3d 616, 618–20 (2d Cir. 1999); In re Hamlin, 2010 WL 749809 (Bankr. E.D.N.C. 2010); In re Grzeslo, 2009 WL 2578953 (Bankr. N.D. Iowa 2009). The Movants, citing Marrama v. Citizens Bank of Massachusetts (In re Marrama), 549 U.S. 365 (2007), interpret section 1307(b) as providing debtors with a right to dismiss a case (that has not been previously converted under section 706, 1112, or 1208, as provided in the statute) under Chapter 13 only in the absence of allegations of bad faith. Many courts hearing this issue after the Supreme Court's decision in Marrama also interpret section 1307 in this way. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 774-5 (9th Cir. 2008); Jacobsen v. Moser (In re Jacobsen), 609 F.3d 647, 660-63 (5th Cir. 2010).

In Marrama, the Court denied a debtor the right to convert his Chapter 7 case to one under Chapter 13 in the face of allegations of bad faith. Courts have distinguished Marrama from cases based upon dismissal under section 1307, in that there is no eligibility requirement in section 1307(b) that is analogous to the requirement in section 706(d). In re Polly, 392 B.R. 236, 246 (Bankr.N.D.Tex.2008); In re Davis, 2007 WL 1468681 (Bankr.M.D.Fla.2007). Furthermore, section 706(d) uses the permissive "may," while 1307(b) uses the mandatory "shall." However, the Rosson court explained that although the wording of section 706(a) is permissive and the wording of section 1307(b) is mandatory, "the different formulations are not dispositive; the important point established by Marrama is that even otherwise unqualified rights in the debtor are subject to limitation by the bankruptcy court's power under section 105(a) to police bad faith and abuse of process." In re Rosson, 545 F.3d at 773 n. 12.

It appears that the First Circuit has yet to rule on this issue. See In re Sasso, 409 B.R. 251, (1st Cir. BAP 2009) (abstaining from ruling on the effect of a pending motion to convert on a

3

debtor's motion to dismiss under section 1307(b) because the case had been converted, rendering the issue moot). In the absence of controlling precedent, this Court finds the rational expressed in In re Polly, 392 B.R. 236, 246 (Bankr.N.D.Tex.2008), to be the most persuasive and adopts that Court's legal reasoning. In Polly, the Court analyzed a strikingly similar issue to that of Debtors in the case before us. The Debtor in Polly, faced allegations of bad faith and a failure to file tax returns. Faced with a creditor's motion to convert and the Debtor's oral motion to dismiss, the Court concluded that in construing the Bankruptcy Code, the plain meaning of the legislation should be conclusive. Congress carefully drafted the Bankruptcy Code to ensure that Chapter 13 could only be entered into and continued by a debtor voluntarily. The Bankruptcy Code provides a Chapter 13 debtor with an absolute right to dismiss his or her case at any time, even if a motion to convert the case to Chapter 7 is pending. In addition, the Polly Court found that other tools are available to punish a debtor for an abuse of the process. Among which, 11 U.S.C. § 349 provides considerable latitude to the court in conditioning dismissal of a case under § 1307(b). "Thus, the court may dismiss with prejudice to refiling to prevent a revolving door approach to bankruptcy." In re Polly, 392 B.R. 236 at 245; *citing*, In re Barbieri, 199 F.3d at 621; In re Graffy, 216 B.R. 888, 891-92 (Bankr. M.D.Fla. 1998); In re Greenberg, 200 B.R. 763, 770 (Bankr. S.D.N.Y. 1996).

This view is also shared by the leading commentator. Collier on Bankruptcy states:

> In a case originally commenced under chapter 13, as distinguished from a case converted to chapter 13 from chapter 7, chapter 11, or chapter 12, the debtor is entitled, as a matter of right, to obtain a dismissal of the chapter 13 case at any time. In keeping with the congressional intent that chapter 13 be completely voluntary, the right to a dismissal cannot be waived by the debtor. Nor may it be denied or delayed by the court, even when other parties oppose the dismissal or seek to have the court convert the case to another chapter, since to do so would force a debtor to remain in chapter 13 involuntarily….permitting conversion to chapter 7 in such circumstances [to prevent abuse] would be the equivalent of allowing an involuntary chapter 7 case

4

without meeting the requirements of section 303, the court found that there were ample other tools to prevent any abuse, including… attaching conditions to the dismissal, as permitted by section 349(a).

8 COLLIER ON BANKRUPTCY ¶ 1307.3(16th ed. rev. 2009).

Having determined (1) that the decision in <u>Marrama</u> as applied to a motion requesting voluntary dismissal under section 1307 is subject to a split of authority; (2) that no such authority controls this Court's decision on this issue; and (3) that the Debtors committed numerous questionable acts which may not have risen to the level of bad faith but at a minimum demonstrate an abuse of the bankruptcy process, this Court will extend the right of section 1307(b) to the Debtors in this instance, however, Debtors will be barred from further filings of any bankruptcy petition for a period of one year, from the entry date of this order.

**WHEREFORE, IT IS ORDERED** that the Debtors' motion to dismiss shall be, and it hereby is, GRANTED, with a one year bar to re-filing due to abuse of the bankruptcy process.

San Juan, this 20 day of December, 2010.

*[signature]*
**Brian K. Tester**
**U.S. Bankruptcy Judge**

5